RECEIVED
SEP 11 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

United States Court of Appeals
Fifth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

FILED
August 17, 2006

Charles R. Fulbruge III
Clerk

No. 05-30918
Summary Calendar

D.C. Docket No. 3:04-CR-30059-1

UNITED STATES OF AMERICA

    Plaintiff - Appellee

    v.

LEE E UNDERWOOD, JR

    Defendant - Appellant

Appeal from the United States District Court for the
Western District of Louisiana, Monroe.

Before SMITH, WIENER, and OWEN, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

ISSUED AS MANDATE: SEP 0 8 2006

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
    Deputy

New Orleans, Louisiana   SEP 0 8 2006

United States Court of Appeals
Fifth Circuit
**F I L E D**
August 17, 2006
Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30918
Summary Calendar

UNITED STATES OF AMERICA,

                      Plaintiff-Appellee,

versus

LEE E. UNDERWOOD, JR.,

                      Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Louisiana
(3:04-CR-30059-1)

---

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Lee E. Underwood, Jr., appeals his sentence following his guilty plea to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 846. Underwood contends that the district court erroneously determined his offense level by applying a preponderance of the evidence standard and by placing the burden on him to refute factual allegations in the presentence report (PSR).

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As Underwood was sentenced after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the district court was entitled to find by a preponderance of the evidence all facts necessary to calculate the guideline range. United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Further, Underwood bore the burden of proving that the court should not rely on the PSR. United States v. Betancourt, 422 F.3d 240, 248 (5th Cir. 2005); United States v. Parker, 133 F.3d 322, 329 (5th Cir. 1998). In the absence of persuasive rebuttal evidence, the district court was permitted to rely on facts in the PSR. See United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006).

Underwood also contends that statements in the PSR violated Crawford v. Washington, 541 U.S. 36 (2004), which involved a defendant's right under the Confrontation Clause during his criminal trial. Underwood's Crawford-based arguments is unavailing: There is no Confrontation Clause right at sentencing and nothing in Crawford indicates that it is applicable to sentencing proceedings. See United States v. Navarro, 169 F.3d 228, 236 (5th Cir. 1999).

Underwood asserts further advances that the district court erroneously applied sentencing enhancements based on drug quantity, possession of a firearm, and role as a leader or organizer in the offense. He insists that a videotape recording of his statements

made to investigators shows that the PSR contained inaccurate information with respect to these enhancements. We conclude, however, that Underwood has failed to show that the district court's sentence enhancements were clearly erroneous. See Caldwell, 448 F.3d at 290; see also United States v. Washington, 44 F.3d 1271, 1281 (5th Cir. 1995).

Finally, Underwood advances that the district court ignored the sentencing disparity between his sentence and the sentence of his drug supplier in a related case, thereby violating the principles of 18 U.S.C. § 3553(a)(6). We note that the district court explained Underwood's sentence in light of the higher drug quantity attributed to him and his leadership role and greater criminal history. Underwood has not overcome the presumption of reasonableness afforded to his sentence. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

AFFIRMED.

# *United States Court of Appeals*

FIFTH CIRCUIT
OFFICE OF THE CLERK

CHARLES R. FULBRUGE III
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

September 8, 2006

Mr Robert H Shemwell, Clerk
Western District of Louisiana, Monroe
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101

       No. 05-30918 USA v. Underwood
          USDC No. 3:04-CR-30059-1

Enclosed, for the district court only, is a certified copy of the judgment issued as the mandate.

Enclosed, for the district court only, is a copy of the court's opinion.

Record/original papers/exhibits are returned:

( 4 ) Volumes     ( 3 ) Envelopes
                     (2 SEALED)

The electronic copy of the record has been recycled.

                         Sincerely,

                         CHARLES R. FULBRUGE III, Clerk

           By: _____
               Krista S. Armstrong, Deputy Clerk
               504-310-7700

cc: (letter only)
    Honorable Robert G James
    Mr Walter M Caldwell IV
    Ms Cristina Walker

P.S. to Judge James: A copy of the opinion was sent to your office via email the day it was filed.

MDT-1