RECEIVED
IN MONROE, LA

OCT 1 7 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 04-30059-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| LEE E. UNDERWOOD, JR. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Report and Recommendation filed by Magistrate Judge Karen L. Hayes [Doc. No. 126], in which she recommends denying Petitioner Lee E. Underwood, Jr.'s ("Underwood") motion to vacate under 28 U.S.C. § 2255 [Doc. No. 116]. For the following reasons, the Court DECLINES TO ADOPT the analysis contained in the Report and Recommendation, but finds that the motion to vacate should be DENIED for alternative reasons.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On March 28, 2005, Underwood plead guilty to conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine before Magistrate Judge Hayes. [Doc. No. 59]. It is undisputed that Underwood was not asked to consent to plead before the magistrate judge, nor was Underwood informed that he had a right to plead before the district judge.

On March 31, 2005, Magistrate Judge Hayes issued a Report and Recommendation, recommending that this Court accept Underwood's guilty plea. [Doc. No. 61].

On May 6, 2005, this Court adopted the Report and Recommendation and accepted Underwood's guilty plea. [Doc. No. 67]. Underwood was subsequently sentenced. [Doc. No. 89].

Underwood appealed, and the Court's judgment was affirmed by the United States Court of Appeals for the Fifth Circuit. [Doc. No. 109]. The United States Supreme Court denied Underwood's petition for writ of certiorari. [Doc. No. 112].

On January 8, 2008, Underwood filed a motion to vacate under 28 U.S.C. § 2255, claiming for the first time that he "was denied his rights to due process of law under the Fifth and Fourteenth Amendments of the United States Constitution when Magistrate Judge Karen L. Hayes presided at the change of plea and *Boykinization* of [him]." [Doc. No. 116, p.7, ¶14].

The Government filed a response [Doc. No. 118], and Underwood filed a reply [Doc. No. 120].

After an evidentiary hearing, Magistrate Judge Hayes took the matter under advisement. She issued a Report and Recommendation on August 13, 2008, recommending that the motion be denied. [Doc. No. 126].

On August 26, 2008, Underwood filed an objection. [Doc. No. 127].

## II. LAW AND ANALYSIS

### A. Report and Recommendation

Magistrate Judge Hayes recommends denying the motion to vacate because she finds that the consent of the defendant to plead before the magistrate judge is not required if the defendant does not object. *See* U.S. CONST. art. III; 28 U.S.C. § 636. Because the Court finds that Underwood's claims are procedurally defaulted, the Court DECLINES TO ADOPT this portion of the Report and Recommendation.

### B. Procedural Default

"A defendant may not raise an issue [constitutional or jurisdictional in nature] for the first

2

time on collateral review without showing both cause for his procedural default, and actual prejudice resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (alteration in original) (citation and quotation marks omitted).

Underwood claims that he was denied due process because Magistrate Judge Hayes presided at his plea hearing. Underwood's only cognizable constitutional claim in this context is under Article III of the Constitution. *See Peretz v. United States*, 501 U.S. 923 (1991). His claim regarding Magistrate Judge Hayes' statutory authority to preside over a plea hearing also implicates this Court's subject matter jurisdiction. *See* 28 U.S.C. § 636; *United States v. Dees*, 125 F.3d 261, 263 (5th Cir. 1997). Because Underwood "could have raised his jurisdictional or constitutional issues on direct appeal, he may not raise them for the first time on collateral review unless he shows cause for his procedural default and actual prejudice resulting from the error." *See United States v. Liedtke*, 03-20636, 107 Fed. Appx. 416, 2004 U.S. App. LEXIS 16668, at *4–5 (5th Cir. Aug. 13, 2004), *cert. den. Liedtke v. United States*, 543 U.S. 1191 (2005).[1]

Although not explicitly framed as an ineffective assistance of counsel claim, Underwood states in his motion to vacate that he did not raise these claims previously because "[t]his issue was discovered by subsequent counsel reviewing the case." [Doc. No. 116, p.7, ¶15]. "[I]neffective

---

[1] The Court notes that several courts of appeals have held that a jurisdictional defect cannot be procedurally defaulted because a defect in subject matter jurisdiction cannot be waived. *See Sapia v. United States*, 433 F.3d 212, 216 (2d Cir. 2005); *Howard v. United States*, 374 F.3d 1068, 1071 (11th Cir. 2004); *Lewis v. United States*, 94-3748, 1996 U.S. App. LEXIS 5666, at *3 (7th Cir. Mar. 14, 1996). The United States Court of Appeals for the Fifth Circuit has not addressed this issue and has, instead, continued to state that constitutional or jurisdictional issues must be raised on direct appeal or be subject to procedural default. *Liedtke*, 2004 U.S. App. LEXIS 16668, at *4–5; *cf. Wesson v. United States Penitentiary*, 305 F.3d 343, 346 (5th Cir. 2002) (rejecting claim that alleged jurisdictional defect could not be procedurally defaulted because the claim was not in fact jurisdictional, but not indicating whether the procedural default doctrine still applies to jurisdictional defects).

assistance of counsel may constitute cause and prejudice sufficient to overcome the procedural default doctrine." *United States v. Conley*, 349 F.3d 837, 839 n.1 (5th Cir. 2003). "To prove that his counsel w[as] ineffective, [Underwood] must show that his attorney[']s performance was deficient and that he suffered prejudice from this deficient performance." *Id.* at 841 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

"[C]ounsel's assistance is deficient if it falls 'below an objective standard of reasonableness.'" *Id.* (quoting *Strickland*, 466 U.S. at 688). Although Underwood fails to give specific argument on this issue, presumably, his counsel may have failed to meet this standard because he either did not inform Underwood that he was entitled to plead guilty before the district judge, object to Magistrate Judge Hayes' presiding at the plea hearing, or raise this issue on appeal. *Id.*

Assuming, *arguendo*, that his previous counsel should have raised this issue, Underwood must also show that he was prejudiced by his counsel's failure to do so. *Id.* "To demonstrate prejudice in the context of a guilty plea, 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Allen*, 06-40221, 250 Fed. Appx. 9, 2007 U.S. App. LEXIS 23066, at *6–7 (5th Cir. Oct. 2, 2007) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Underwood has not alleged that the plea hearing was otherwise defective, that he would not have plead guilty before Magistrate Judge Hayes if he had known that he was entitled to plead before the district judge, or that the plea was otherwise involuntary or unintelligent. *See United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001) (holding that "'an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally

unfair or reliable, is defective'") (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)). At the evidentiary hearing, Underwood stated that the relief he seeks in his § 2255 motion is to go to trial, not to plead. This, however, does not show prejudice because Underwood has not demonstrated a reasonable probability that he would have gone to trial if he had known that he did not have to plead before Magistrate Judge Hayes. Instead, it is only reasonable to assume that he would have plead guilty before the district judge, which would not have changed the outcome of his case. Therefore, the Court finds that he has failed to establish prejudice.

The only exception to the cause and prejudice test is the "extraordinary case . . . in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Conley*, 349 F.3d at 839 n.1. Underwood has not claimed actual innocence, and his statements of guilt and the evidence adduced at the plea hearing indicate otherwise.

Accordingly, the Court finds that these claims are procedurally defaulted, and Underwood's motion to vacate is DENIED.

## III. CONCLUSION

For the foregoing reasons, the Court DECLINES TO ADOPT the reasoning of the Report and Recommendation filed by [Doc. No. 126] Magistrate Judge Karen L. Hayes. Petitioner Lee E. Underwood, Jr.'s motion to vacate under 28 U.S.C. § 2255 [Doc. No. 116] is DENIED because his claims are procedurally defaulted.

MONROE, LOUISIANA, this 17 day of October, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE