RECEIVED
IN MONROE, LA
DEC 19 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 04-30059-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| LEE E. UNDERWOOD, JR. | MAG. JUDGE KAREN L. HAYES |

## CERTIFICATE OF APPEALABILITY

Pending before the Court is Petitioner Lee E. Underwood, Jr.'s ("Underwood") Motion for Appeal and Request for Certificate of Appealability [Doc. No. 130]. For the following reasons, the certificate of appealability ("COA") is GRANTED IN PART and DENIED IN PART.

### I. ISSUES PRESENTED FOR A CERTIFICATE OF APPEALABILITY

On October 17, 2008, the Court denied Underwood's motion to vacate under 28 U.S.C. § 2255. [Doc. Nos. 128 & 129].

Underwood presents two separate issues for a COA: (1) "whether a subject matter jurisdictional defect can be waived or procedurally defaulted," and (2) "whether Underwood has shown prejudice when he stated that the relief he seeks on his § 2255 motion is to go to trial and not to plead, that is, was the trial court incorrect in assuming he would have plead guilty before the district judge." [Doc. No. 130-2, pp. 4, 5].

#### A. COA Standard

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must obtain a COA to appeal the district court's denial of habeas relief. *See Coleman v. Quarterman*, 456 F.3d 537, 540–41 (5th Cir. 2006). To obtain a COA, a petitioner "must make 'a substantial showing

of the denial of a constitutional right,' 28 U.S.C. § 2253(c)(2), such 'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Id.* at 541 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

### B. Whether a Defect in Subject Matter Jurisdiction Can be Procedurally Defaulted

Underwood claims that he was denied due process because a magistrate judge presided at his plea hearing. Underwood's only cognizable constitutional claim in this context is under Article III of the Constitution. *See Peretz v. United States*, 501 U.S. 923 (1991). His claim regarding the magistrate judge's statutory authority to preside over a plea hearing implicates this Court's subject matter jurisdiction. *See* 28 U.S.C. § 636; *United States v. Dees*, 125 F.3d 261, 263 (5th Cir. 1997).

The Court previously ruled that Underwood could have raised his claims on direct appeal, and, therefore, could not raise them for the first time on collateral review unless he could show cause for his procedural default and actual prejudice resulting from the error. *See United States v. Liedtke*, 03-20636, 107 Fed. Appx. 416, 2004 U.S. App. LEXIS 16668, at *4–5 (5th Cir. Aug. 13, 2004), *cert. den.*, 543 U.S. 1191 (2005).

However, the Court noted in its ruling that several courts of appeals have held that a jurisdictional defect cannot be procedurally defaulted because it constitutes a defect in subject matter jurisdiction, which is not waivable. *See Sapia v. United States*, 433 F.3d 212, 216 (2d Cir. 2005); *Howard v. United States*, 374 F.3d 1068, 1071 (11th Cir. 2004); *Lewis v. United States*, 94-3748, 1996 U.S. App. LEXIS 5666, at *3 (7th Cir. Mar. 14, 1996). The Court also noted that the United States Court of Appeals for the Fifth Circuit has not addressed this issue and has, instead, continued to state that constitutional or jurisdictional issues must be raised on direct appeal or be subject to procedural default. *Liedtke*, 2004 U.S. App. LEXIS 16668, at *4–5; *cf. Wesson v. United States*

2

*Penitentiary*, 305 F.3d 343, 346 (5th Cir. 2002) (rejecting claim that alleged jurisdictional defect could not be procedurally defaulted when the claim was not in fact jurisdictional, but without indicating whether the procedural default doctrine applies to jurisdictional defects).

Because reasonable jurists could debate whether the Court was correct in finding that a defect in subject matter jurisdiction can be procedurally defaulted, the Court GRANTS a COA on this issue.

### C. Whether Underwood Has Shown Prejudice

Even if Underwood's jurisdictional claim is procedurally defaulted, Underwood claims that he has demonstrated prejudice as a result of this error. Underwood contends that he has demonstrated prejudice because he seeks a new trial in his § 2255 motion, not the opportunity to replead before the district judge.

The fact that Underwood now seeks to go to trial does not demonstrate a reasonable probability that, at the time of his plea hearing, he would have gone to trial if he had known that he did not have to plead before the magistrate judge. Underwood has not alleged that the plea hearing was otherwise defective, that he would not have plead guilty before the magistrate judge if he had known that he was entitled to plead before the district judge, or that the plea was otherwise involuntary or unknowing. Accordingly, the Court determined in its ruling that it was only reasonable to assume that Underwood would have plead guilty before the district judge, which would not have changed the outcome of his case.

The Court finds that reasonable jurists could not debate whether the Court's finding was correct, and, therefore, a COA on this issue is DENIED.

MONROE, LOUISIANA, this 19 day of December, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE