# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 17, 2010

Charles R. Fulbruge III
Clerk

No. 08-31243

D.C. Docket No. 3:08-CV-32
D.C. Docket No. 3:04-CR-30059-1

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

LEE E UNDERWOOD, JR.,

    Defendant - Appellant

RECEIVED
BY: _____

APR 1 4 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

Appeal from the United States District Court for the
Western District of Louisiana, Monroe

Before JOLLY, WIENER, and BARKSDALE, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

ISSUED AS MANDATE:    13 APR 2010

A True Copy
Attest

13 APR 2010

Clerk, U.S. Court of Appeals, Fifth Circuit
By: _____
    Deputy

New Orleans, Louisiana

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 17, 2010

Charles R. Fulbruge III
Clerk

No. 08-31243

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

LEE E UNDERWOOD, JR

Defendant - Appellant

RECEIVED
BY
APR 1 4 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

Appeal from the United States District Court
for the Western District of Louisiana

Before JOLLY, WIENER, and BARKSDALE, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

  Lee E. Underwood appeals the denial of his 28 U.S.C. § 2255 motion to vacate, in which he claimed a due-process violation because a magistrate, not district, judge presided over his plea hearing without express consent. Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), the district court granted a certificate of appealablity (COA) on whether Underwood procedurally defaulted by failing to raise his due-process claim on direct appeal. We do not reach procedural default, basing our decision instead on the subsumed issue of implied consent. AFFIRMED.

I.

Underwood was indicted for methamphetamine conspiracy in December 2004. *See* 21 U.S.C. § § 841(a)(1) and 846. He entered into an agreement to plead guilty; and, pursuant to 28 U.S.C. § 636(b)(3), the district court entered an order on 22 March 2005, referring Underwood's plea allocution to a magistrate judge.

Approximately one week later, on 28 March, the magistrate judge conducted the plea colloquy for Underwood, pursuant to Federal Rule of Criminal Procedure 11. Underwood was represented by counsel. At the close of the proceeding, the magistrate judge asked Underwood: "You do understand that I'm the magistrate judge [and that] my acceptance of your guilty plea is subject to [the district judge's] final approval?" Underwood responded that he did. Neither he nor his attorney raised any objections, before or during the proceeding, to the magistrate judge's conducting it.

A few days later, on 31 March, the magistrate judge submitted her report and recommendation to the district court, recommending that the plea be accepted. No objections were filed.

That May, the district court adopted the report and recommendation and accepted Underwood's guilty plea. He was sentenced to, *inter alia*, 262 months' imprisonment.

Underwood appealed only his sentence. In other words, his appeal did *not* challenge the magistrate judge's authority to conduct the plea proceeding. Our court affirmed. *United States v. Underwood*, 194 F. App'x 215, 217 (5th Cir. 2006) (unpublished), *cert. denied*, 549 U.S. 1144 (2007).

In January 2008, Underwood filed his § 2255 motion, claiming, for the first time, he had been denied due process when his plea proceeding was conducted by a magistrate judge. The motion was referred to the same magistrate judge who conducted the 2005 plea proceeding. Following a conference in chambers,

that magistrate judge held a very brief evidentiary hearing, at which Underwood testified that the remedy he sought was a new trial. At this hearing, Underwood was represented by different attorneys from the one who had represented him when he pled guilty. That former counsel did not testify at the § 2255 hearing.

In her report and recommendation, the magistrate judge recommended denying Underwood's motion on the basis that a magistrate judge may preside over a plea colloquy without the defendant's consent, if there is no objection. Underwood filed an objection "to the finding that consent is not required and to the recommendation that his motion be denied".

In denying the § 2255 motion, the district court did not adopt the magistrate judge's recommended basis for doing so. Instead, the district court ruled that Underwood had procedurally defaulted his due-process claim by failing to raise it on direct appeal. *United States v. Underwood*, 2008 WL 4628254, at *1 (W.D. La. 17 Oct. 2008).

Underwood requested a COA for the following issues: "whether a subject matter jurisdictional defect can be waived or procedurally defaulted"; and, "whether Underwood has shown prejudice when he stated that the relief he seeks on his § 2255 motion is to go to trial and not to plead, that is, was the trial court incorrect in assuming he would have plead [sic] guilty before the district judge". The district court granted Underwood a COA *only* on the procedural-default question.

## II.

The Government, which is not required to obtain a COA in order to raise an issue on appeal, *see* Federal Rule of Appellate Procedure 22(b)(3), does not present one. Accordingly, the only issue raised on appeal by a party is the one for which a COA was granted Underwood. Nevertheless, as discussed *infra*, we first address the question of implied consent for the magistrate judge to conduct the plea proceeding.

No. 08-31243

A.

A threshold question is our jurisdiction to consider the implied-consent issue. *E.g.*, *Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999) (noting "[w]e must always be sure of our appellate jurisdiction and, if there is doubt, we must address it, *sua sponte* if necessary"). Again, the only issue raised by either side is found in the COA granted Underwood and involves procedural default. In this regard, under AEDPA, our court lacks jurisdiction to review an issue not presented by Underwood's COA. *See United States v. Daniels*, 588 F.3d 835, 836 n.1 (5th Cir. 2009) (holding that, in the context of an appeal from a 28 U.S.C. § 2255 denial, "[w]e have jurisdiction to address only the issue specified in the COA"); *see also Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997); 28 U.S.C. § 2253.

1.

The COA at hand is whether "a defect in *subject matter jurisdiction* can be procedurally defaulted". (Emphasis added.) That issue necessarily is predicated upon two sub-issues: whether Underwood's failure expressly to consent to the magistrate judge's conducting the plea proceeding constitutes the "defect in subject matter jurisdiction" referenced in his COA; and, if so, whether Underwood otherwise failed to consent. Therefore, Underwood's consent *vel non* is subsumed in the COA. Accordingly, our court has jurisdiction to consider this question. *See, e.g.*, *Prieto v. Quarterman*, 456 F.3d 511, 516-17 (5th Cir. 2006) (concluding issue of whether district court could raise procedural default *sua sponte* was included within COA on state prisoner's challenge to district court's application of procedural-default rule).

2.

Another potential hurdle to our consideration of consent is that, as noted, the issue is not raised for this appeal by either party. Nevertheless, "[t]he matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases". *Singleton v. Wulff*, 428 U.S. 106, 121 (1976). Here, where there is no dispute that Underwood did not object to the magistrate judge's conducting the plea proceeding, and where our court may avoid more difficult constitutional issues by ruling on consent (a less difficult constitutional issue), consideration of this issue *sua sponte* is appropriate. *E.g., Ashwander v. Tenn. Valley Authority*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring) ("The Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of.")

B.

A district court's factual findings in its denial of a § 2255 motion are reviewed only for clear error; its conclusions of law, *de novo*. *E.g., United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005). In the context of a magistrate judge's presiding over a proceeding, whether failing to object constitutes implied consent is a question of law. *See Roell v. Withrow*, 538 U.S. 580, 585 (2003) (considering *de novo* whether, under 28 U.S.C. § 636(c)(1), parties could convey consent by their conduct, when a magistrate judge presided over their civil trial). To determine whether Underwood consented, by failing to object to the magistrate judge's presiding, we must consider whether this form of consent is sufficient under both the relevant statute and Article III of the Constitution.

No. 08-31243

1.

The provision at issue is found in 28 U.S.C. § 636(b)(3), which is part of the Federal Magistrates Act, Pub. L. No. 90-578, 82 Stat. 1107 (1968) (as amended). Subpart (b)(3) provides: "A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States". In a very comprehensive opinion in *United States v. Dees*, 125 F.3d 261 (5th Cir. 1997), our court considered whether "such additional duties" include conducting plea proceedings. *Dees* provided the test for whether a magistrate judge's activity is statutorily authorized under § 636(b)(3): when it "bears some relationship to the duties that the [Federal Magistrates] Act expressly assigns to magistrate judges". *Id.* at 265 (citing *Peretz v. United States*, 501 U.S. 923, 930-31 (1991); *Gomez v. United States*, 490 U.S. 858, 864 (1989)).

Applying this test, *Dees* held plea proceedings were sufficiently related to pre-trial hearings on the voluntariness of pleas, which, under *United States v. Rojas*, 898 F.2d 40 (5th Cir. 1990), are specifically authorized under § 636(b)(1). *Dees*, 125 F.3d at 265. In other words, pursuant to *Dees*, the magistrate judge had the authority under § 636(b)(3) to conduct Underwood's plea allocution.

a.

*Dees*, however, was silent on whether consent is necessary for a magistrate judge's conducting a plea proceeding to be authorized under § 636(b)(3) (although, as discussed *infra*, *Dees* did hold consent is required in the context of Article III). Four Supreme Court cases, however, have addressed whether 28 U.S.C. § 636 requires consent for certain acts: *Gonzalez v. United States*, 128 S. Ct. 1765 (2008); *Roell*, 538 U.S. 580 (2003); *Peretz*, 501 U.S. 923 (1991); and *Gomez*, 490 U.S. 858 (1989). *Gomez*, *Peretz*, and *Gonzalez* all considered the same subpart at issue here, § 636(b)(3).

In *Gomez*, decided approximately eight years before our court's decision in *Dees*, the district court referred to a magistrate judge the jury selection for a

6

felony trial; defendant's attorney objected to this referral. 490 U.S. at 860. The magistrate judge noted the objection but nonetheless conducted *voir dire*. *Id.* On appeal, defendant claimed the magistrate judge's activity exceeded the authority granted magistrate judges under the Federal Magistrates Act. The Supreme Court considered the text and legislative history of the Act and held: "The absence of a specific reference to jury selection in the statute, or indeed, in the legislative history, persuades us that Congress did not intend the additional duties clause [§ 636(b)(3)] to embrace this function". *Id.* at 875-76.

Two years later, in 1991, the Supreme Court was faced in *Peretz*, 501 U.S. 923, with a circuit split over whether *Gomez* prohibited magistrate judges from *ever* conducting felony-trial *voir dire* or only prohibited them from doing so over a party's objection. *Compare United States v. Musacchia*, 900 F.2d 493 (2d Cir. 1990), *vacated on other grounds*, 955 F.2d 3 (1991), *with United States v. France*, 886 F.2d 223 (9th Cir. 1989). In resolving this split, the *Peretz* Court construed *Gomez* narrowly and held § 636(b)(3) authorizes a magistrate judge's "supervision of jury selection when the defendant has consented". *Id.* at 932. Although the Court did not specify the form of consent required, it *did* repeatedly use "failure to object" as synonymous with "consent". *Id.* at 926, 928, 933, 940. For example, the Court first stated its holding as: "[A] magistrate [may] supervise jury selection in a felony trial *provided the parties consent*", *id.* at 933 (emphasis added); but, the Court later stated the holding as: "We agree . . . that permitting a magistrate to conduct the *voir dire* in a felony trial *when the defendant raises no objection* is entirely faithful to the congressional purpose in enacting and amending the Federal Magistrates Act", *id.* at 940 (emphasis added).

The most recent of the four Supreme Court decisions is *Gonzalez*, 128 S. Ct. 1765 (2008), which affirmed our court, 483 F.3d 390 (5th Cir. 2007). At issue was whether *counsel* may consent on behalf of defendant to a magistrate judge's

conducting felony-trial *voir dire*. The Court noted that § 636(b)(3)'s text "does not state that consent to preside over felony-trial *voir dire* must be granted by following a procedure of similar clarity" to 18 U.S.C. § 3401(b), which provides a specific method for consent to a magistrate judge's presiding over a misdemeanor trial. *Id.* at 1769. Defendant contended: because "*Peretz* considered supervision over entire civil and misdemeanor trials comparable to presiding over *voir dire* at a felony trial", then "§ 636(b)(3) must require, as does 18 U.S.C. § 3401(b), express personal consent by the defendant". *Id.* at 1771. The Court rejected this contention, holding:

> [I]t is not obvious that Congress would have thought these matters required the same form of consent. Aside from the fact that the statutory text is different, there are relevant differences between presiding over a full trial and presiding over *voir dire*. Were petitioner correct, one would think the Act would require at least the same form of consent to authorize a magistrate judge to preside over either a civil or a misdemeanor trial (which *Peretz* also deemed to be of comparable importance). Our interpretation of the Act indicates otherwise. *Compare* § 3401(b), with *Roell v. Withrow*, 538 U.S. 580, 590 (2003) (concluding that parties may authorize a full-time magistrate judge to preside over a civil trial via implied consent).

*Id.* at 1771-72. The Court, therefore, held: "Pursuant to 28 U.S.C. § 636(b)(3) a magistrate judge may preside over jury examination and jury selection only if the parties, or the attorneys for the parties, consent". *Id.* at 1772.

None of these Supreme Court opinions discussed the issue presented here: whether consent may be inferred under § 636(b)(3). In fact, *Gonzalez* explicitly reserved the question of what form consent must take, stating: "We need not decide . . . if consent may be inferred from a failure by a party and his or her attorney to object to the presiding by a magistrate judge". *Id.* Nevertheless, we

8

are not without guidance in deciding whether, under § 636(b)(3), Underwood gave implied consent.

Rendered between *Peretz* (1991) and *Gonzalez* (2008), *Roell* (2003) provides strong support for inferring consent in this instance. *Roell* considered whether 28 U.S.C. § 636(c)(1) requires a certain form of consent for a magistrate judge to preside over a civil trial. 538 U.S. at 587. The parties in *Roell* were told they had the right to demand a district judge conduct their trial. *Id.* at 583. The magistrate judge asked plaintiff whether he consented to the magistrate judge's presiding; he consented orally and in writing. *Id.* Defendants were sent "a summons directing them to include [i]n their answer or in a separate pleading" whether they consented to the magistrate judge's presiding; only one of three defendants responded, however, to this summons. *Id.* (internal quotations omitted). Lacking express consent from all parties, the magistrate judge nevertheless tried the action. *Id.* In that regard, defendants "voluntarily participated in the entire course of proceedings before the Magistrate Judge, and voiced no objection when, at several points, the Magistrate Judge made it clear that she believed they had consented". *Id.* at 584.

The Court compared § 636(c)(1), which allows, *inter alia*, a magistrate judge to preside over a civil trial "[u]pon consent of the parties", with other provisions of the Federal Magistrates Act that require *express* consent. *Id.* at 585; *see also* 28 U.S.C. § 636(c)(1) (allowing referral to *part-time* magistrate judges when the parties consent by "specific written request"); 18 U.S.C. § 3401(b) (permitting magistrate judges to preside over misdemeanor trials only if defendant "expressly consents . . . in writing or orally on the record"). The Court reasoned that § 636(c)(1)'s lack of such an express-consent requirement provides a "good pragmatic reason to think that Congress intended to permit implied consent". *Id.* at 588. Having held implied consent permissible, the Court ruled the parties had evinced consent by trying the action before the

magistrate judge without objection, after having been advised of their right to refuse to consent. *Id.* at 591.

Obviously, *Roell*'s having held implied consent permissible when the text of the statute *requires* consent, there is good reason to believe that here, where § 636(b)(3) is *silent* on the issue of consent, inferring it is even more permissible. Further, reasoning by analogy to § 636(c)(1) is supported by *Peretz*, 501 U.S. at 933. There, the Court explained that consent is required for a magistrate judge to preside over *voir dire* because that task is similar in "responsibility and importance" to "supervision of entire civil . . . trials", which requires the parties' consent under § 636(c)(1). *Id.* Therefore, *both* subparts (b)(3) and (c)(1) of § 636 require consent for the same reason—the nature of the proceeding conducted by the magistrate judge. Accordingly, it stands to reason the same type of consent is allowable for both. As such, Underwood's failure to object must be considered implied consent. *Cf. Parker v. Miss. State Dept. of Public Welfare*, 811 F.2d 925, 928 (5th Cir. 1987) (holding that, for a magistrate judge's conducting a civil trial, but submitting a report and recommendation instead of entering judgment, "[c]onsent to a 636(b)(3) designation, if required at all, will be inferred from a party's failure to object").

b.

*Roell* did, however, hold that "notification of the right to refuse the magistrate judge is a prerequisite to any inference of consent". 538 U.S. at 587 n.5; *see also id.* at 590 ("the better rule is to accept implied consent where . . . the litigant or counsel was made aware of the need for consent and the right to refuse it"). Looking at this language in *Roell*, it is arguable that consent may *not* be inferred in this instance, because Underwood was not told of his right to refuse the magistrate judge. This portion of *Roell*'s holding, however, is not applicable to the instant matter.

10

As previously discussed, *Roell* construed § 636(c)(1), which governs magistrate judges' conducting civil trials. Again, that subpart, unlike §636(b)(3), states that the consent of the parties is required. Further, §636(c)(2) states that, if the magistrate judge is to exercise jurisdiction under § 636(c)(1), then "the district court judge or the magistrate judge . . . *shall advise* the parties that they are free to withhold consent without adverse substantive consequences". (Emphasis added.) Therefore, the *Roell* Court was bound to interpret § 636(c)(1) as requiring an admonition by the court of the right to decline, because the text of subpart (c)(2) requires such notification's being given. To have held otherwise would have been to render § 636(c)(2) a nullity. *See id.* at 587 n.5 (stating, "it is hardly true, contrary to the dissent's claim, . . . that § 636(c)(2) . . . [is] pointless if implied consent is permitted under § 636(c)(1)").

In contrast, as noted, § 636(b)(3)'s text does *not* require consent. And, nowhere in § 636(b) is an admonition concerning the parties' rights required, as it is under § 636(c)(2). Therefore, that portion of *Roell*'s holding is not compelled in this situation.

This reading of *Roell* makes sense in the light of the different purposes of § 636(b)(3) and (c)(1). Subpart (b)(3) allows a district judge to delegate discrete tasks to a magistrate judge, but retain the last word through deciding whether to accept the resulting magistrate judge's report and recommendation. Moreover, the parties have the opportunity to file objections to this report and recommendation; if they do so, the district judge's review is *de novo*. 28 U.S.C. § 636 (b)(1); *see also Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 925 F.2d 853, 856 n.5 (5th Cir. 1991). In contrast, subpart (c)(1) vests a magistrate judge with authority to conduct a full civil trial and enter judgment, with appeal directly to an appellate, not district, court. 28 U.S.C. § 636(c)(3).

11

No. 08-31243

It logically follows that the parties *should* be warned of the rights they are giving up if, as under § 636(c)(1), the magistrate judge steps fully into the district court's shoes. On the other hand, where, as here, the magistrate judge must still pass muster with the district court, such stringent warnings are unnecessary for holding a party has impliedly consented.

2.

As stated *supra*, our having held that, under § 636(b)(3), by failing to object, Underwood consented to the magistrate judge's presiding over his plea proceeding, next at issue is whether inferring such consent is constitutionally permissible. As discussed below, in *Dees*, our court, relying on *Peretz*, 501 U.S. 936-37, provided the constitutional framework for analyzing a challenge to a magistrate judge's supervising a plea proceeding: did defendant waive his personal right under Article III to have his allocution conducted by an Article III judge; and, if he did, does such referral to the magistrate judge violate Article III's structural protections. 125 F.3d at 266.

a.

As *Dees* held, "Article III confers upon defendants a personal right to have their case heard by an Article III judge". 125 F.3d at 266 (citing *Peretz*, 501 U.S. at 936-37); *see also Peretz,* 501 U.S. at 930 n.6 (stating, "Article III, § 1's guarantee of an independent and impartial adjudication . . . serves to protect primarily personal, rather than structural, interests".). This personal right includes having an Article III judge conduct a plea proceeding. *Dees*, 125 F.3d at 266. As a result, "[l]ike most other personal rights of criminal defendants, this right is subject to waiver". *Id.*

Because defendant expressly consented in *Dees*, our court, while noting that consent is required, did *not* consider how it may be shown. *Id.* For that question, our court stated over ten years later in *United States v. Gonzalez*:

> What suffices for waiver depends on the nature of the right at issue. Whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake.

483 F.3d 390, 394 (5th Cir. 2007), *aff'd*, 128 S. Ct. 1765 (2008) (quoting *New York v. Hill*, 528 U.S. 110, 114 (2000)) (internal quotations omitted).

As noted, our court's opinion in *Gonzalez* was affirmed by the Supreme Court in *Gonzalez v. United States*, 128 S. Ct. 1765 (2008). In doing so, the Court cited the above-quoted language in *Hill*. *Id.* at 1769. *Cf. United States v. Gagnon*, 470 U.S. 522, 528 (1985) (per curiam) (holding defendant waived right to be present for *in camera* proceedings by failing to object); *Levine v. United States*, 362 U.S. 610, 620 (1960) (holding defendant waived right to have courtroom opened where the party "saw no disregard of a right, but raises an abstract claim only as an afterthought on appeal").

As discussed *supra*, the Supreme Court held in *Gonzalez* that personal consent was *not* required for waiver of the right to demand an Article III judge. 128 S. Ct. 1765, 1772. Instead, the Court held the decision whether to demand an Article III judge is a tactical one; and, therefore, defendant's counsel may waive the right on behalf of his client, without consulting him. *Id.* at 1771. Counsel's being allowed to waive the right to demand an Article III judge on behalf of defendant, it follows that consent may be inferred from a failure to object—by either defendant or his attorney.

Along that line, in the context of a magistrate judge's presiding over *voir dire*, several circuits have held consent may be inferred from a failure to object. For example, in *United States v. Desir*, 273 F.3d 39 (1st Cir. 2001), a magistrate judge conducted *voir dire* without informing defendant or his attorney that he was a magistrate, not a district, judge. *Id.* at 44. The magistrate judge did not

13

explain the difference between a magistrate and district judge, and no one informed defendant or his counsel that either could object to the magistrate judge's conducting *voir dire*. *Id.*

The defendant moved under Rule 33 for a new trial based on newly discovered evidence: defendant's recently discovering a magistrate, not district, judge conducted *voir dire* at his trial. *Id.* Defendant's attorney, however, later testified that he (the attorney) was aware (understandably, to say the least) of who the magistrate judge was. *Id.* Therefore, the court imputed this knowledge to defendant, and held this was not "newly discovered evidence". *Id.* (As noted, Underwood's plea-proceeding attorney did *not* testify at the very brief § 2255 evidentiary hearing.)

> More *apropos* to the matter at hand, the First Circuit stated:
>> Since neither defense counsel nor [defendant] affirmatively consented, [defendant] argues that this is new evidence of constitutional error. However, we have previously held that affirmative consent is not required. Rather, a magistrate [judge] may conduct jury selection unless the defendant or his attorney registers an objection. In this case, neither [defendant] nor his counsel objected, so [defendant] waived any constitutional entitlement to an Article III judge at jury impanelment.

*Id.* (internal citations omitted). *Desir*, therefore, supports inferring consent in this matter based upon the failure to object.

Likewise, in a case cited with approval by the *Peretz* Court, the Second Circuit concluded that failure to object to a magistrate judge's conducting *voir dire* equaled consent. In *Musacchia*, 900 F.2d at 501-02, the court noted it had "ruled that where there is either consent or a failure to object a magistrate [judge] may conduct the jury *voir dire* in a felony case". And, in another case cited by the *Peretz* Court, *Government of the Virgin Islands v. Williams*, 892 F.2d

305 (3d Cir. 1989), the Third Circuit did not "perceive any constitutional difficulty with allowing a district court to delegate [*voir dire*] to a magistrate [judge] in the absence of any objection by the defendant". *Id.* at 310. *Cf. United States v. Mendez-Lopez*, 338 F.3d 1153, 1158 (10th Cir. 2003) (holding, that, in the context of a magistrate judge's taking a jury verdict, "a defendant implicitly consents to the magistrate judge's authority if the defendant is present when the district court judge delegates judicial authority and fails to object"); *United States v. Wey*, 895 F.2d 429, 431 (7th Cir. 1990) (jury selection by magistrate is not plain error where no prejudice is shown); *but see United States v. Sanchez-Sanchez*, 333 F.3d 1065, 1068 (9th Cir. 2003) (holding that, without defendant's express consent, a "magistrate judge lacked jurisdiction to accept the defendant's admission to violating conditions of supervised release"); *United States v. Osborne*, 345 F.3d 281, 288 (4th Cir. 2003) (stating, "because both processes [*voir dire* and plea allocution] are fraught with constitutional concerns, a defendant must clearly waive his right to have such proceedings conducted by an Article III judge").

The question, however, remains whether, under *Roell*, as discussed *supra*, Article III demands that the attorney be informed of defendant's right to refuse consent before consent may be inferred. The Supreme Court in *Gonzalez* stated:

> In exercising professional judgment . . . the attorney draws upon the expertise and experience that members of the bar should bring to the trial process. In most instances the attorney will have a better understanding of the procedural choices than the client; *or at least the law should so assume.*

128 S. Ct. at 1770 (emphasis added). Therefore, in this instance, it must be assumed that such a warning to counsel is unnecessary; instead, knowledge of the client's procedural choices may be inferred, as may waiver of defendant's personal right by his attorney's failure to object.

Here, the district court issued an order approximately a week prior to the allocution, referring the matter to the magistrate judge. Therefore, Underwood's attorney knew the proceeding would be conducted by a magistrate judge and had almost a week to object to this referral. Moreover, counsel could have done so at the proceeding, including when the magistrate judge had Underwood state he understood the district judge had final authority for whether the plea would be accepted. To hold that this is *not* waiver would be to state implicitly that it is acceptable for the attorney *not* to have known that her client had a right to have a district judge take the plea. Such a holding would improperly place responsibility on the court to educate the attorney, rather than on the attorney to know the law.

The *Peretz* Court held: "[A] defendant has no constitutional right to have an Article III judge preside at jury selection if the defendant has raised no objection to the judge's absence". 501 U.S. at 936 (collecting cases on personal rights of criminal defendants subject to waiver). Similarly, defendant's personal right to have an Article III judge conduct his plea proceeding is waived if neither he nor his attorney raised an objection before the magistrate judge.

b.

Further, no Article III structural protections are violated by inferring consent. Such protections "ensure respect for [in this instance, legislative and judicial] separation-of-powers principles". *Dees*, 125 F.3d at 266. Accordingly, such protections may not be waived. *Id.*

Article III requires district courts' having exclusive domain over the conduct of felony trials. *Id. Dees* held presiding by a magistrate judge—a non-Article III judge—over an allocution, with defendant's express consent, does not impinge on that domain. *Id.* Inferring consent does not change this analysis.

As *Dees* noted, *Peretz* held a magistrate judge's presiding over *voir dire* with defendant's consent does not violate Article III's structural protections. *Id.*

16

Comparing conducting *voir dire* to conducting a plea colloquy, *Dees* reasoned that the latter implicates far less discretion by a magistrate judge than the former. *Id.*; *see also Osborne*, 345 F.3d at 288. Supervising the questioning of potential jurors for bias, including questioning by the magistrate judge, differs from asking defendant, pursuant to Federal Rule of Criminal Procedure 11, "a series of standardized, non-confrontational questions" in a plea colloquy. *Dees*, 125 F.3d at 269.

*Dees* also noted that Article III may be offended if a magistrate judge is delegated final authority in a case. *Id.* at 268. Again, *Dees* compared presiding over a plea allocution and over *voir dire*. *Id.* As discussed, when a magistrate judge conducts a plea allocution, he prepares a report and recommendation for the district judge, to which the parties may file objections. If objections are filed, the record is reviewed *de novo*. In any event, the ruling is by the district court. In contrast, a magistrate judge does *not* provide such a report after conducting *voir dire*. And, as *Dees* noted, a plea allocution is more easily reviewed by the district judge than *voir dire*, because

> the reviewing court does not have the realistic option of conducting a second voir dire on its own. To review a plea allocution, on the other hand, a district court need only look into the testimony of a single individual [defendant] . . . . If the court is troubled by some response given by the defendant, it can easily perform another allocution of its own . . . .

*Id.* at 268-69. In the light of this district-judge supervision, the magistrate judge's conducting the plea proceeding does *not* offend Article III's structural provisions. *See id.*

In sum, Article III's structural protections are *not* violated by allowing implied consent in this instance. Although the existence of consent does concern whether the magistrate judge exceeded her authority and therefore impinged on

the district court's role under Article III, *see Gomez*, 490 U.S. at 876, the type of consent given is irrelevant. Inferring consent from absence of objection to the magistrate judge's conducting the allocution does not, in this instance, "transfer jurisdiction [to a non-Article III judge] for the purpose of emasculating constitutional courts". *Peretz*, 501 U.S. at 937 (internal quotations omitted) (quoting *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 850 (1986)). Again, Underwood's plea was always subject to the district court's supervision and ultimate ruling. Regardless of the form of consent given, the magistrate judge's conducting the plea proceeding did *not* encroach improperly on the constitutional province of the district court.

## III.

For the foregoing reasons, the judgment is AFFIRMED.

# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE  
CLERK

TEL. 504-310-7700  
600 S. MAESTRI PLACE  
NEW ORLEANS, LA 70130

April 13, 2010

Mr. Tony R. Moore  
Western District of Louisiana, Monroe  
United States District Court  
300 Fannin Street  
Suite 1167  
Shreveport, LA 71101-0000

RECEIVED  
BY: _____ uc  
APR 1 4 2010  
TONY R. MOORE, CLERK  
WESTERN DISTRICT OF LOUISIANA  
SHREVEPORT, LOUISIANA

    No. 08-31243, USA v. Underwood  
        USDC No. 3:08-CV-32  
        USDC No. 3:04-CR-30059-1

Enclosed, for the Western District of Louisiana, Monroe only, is a copy of the judgment issued as the mandate.

Enclosed, for the Western District of Louisiana, Monroe only, is a copy of the court's opinion.

Record and exhibits are returned:

✓ ( 4 ) Volumes trans ( 2 ) Sealed Envelopes   ( ) Boxes

✓ The electronic copy of the record has been recycled.

                    Sincerely,

                    LYLE W. CAYCE, Clerk

                    Dantrell Johnson  
                By: _____  
                Dantrell L. Johnson, Deputy Clerk  
                504-310-7689

cc: (letter only)  
    Mr. Dmitrc Ian Burnes (Sent via ECF)  
    Honorable Robert G. James (Sent via e-mail)  
    Ms. Cristina Walker (Sent via ECF)

P.S. to Judge James:  A copy of the opinion was sent to your office via email the day it was filed.

MDT-1